Sung-Woo Choi, Esq. (SBN #243927)
**LOGOS PROFESSIONAL LAW CORPORATION**
Equitable Building
3435 Wilshire Blvd., Ste. 1810
Los Angeles, CA 90010
Phone: (213) 814 - 2442
Fax: (844) 564 – 6788

*Attorneys for Plaintiff*:
Rival Transportation, LLC,
a California limited liability company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| RIVAL TRANSPORT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN EXPRESS INC., a Tennessee corporation; MALCOLM JORRIN-PEREZ, an individual; DAVID NICKENS, an individual, and DOES 1-10,<br><br>Defendants. | **Case No**.<br><br>**VERIFIED COMPLAINT FOR DAMAGES:**<br><br>1. **NEGLIGENCE**<br>2. **NEGLIGENCE PER SE**<br>3. **INTENTIONAL MISREPRESENTATION**<br>4. **NEGLIGENT MISREPRESENTATION** |

Plaintiff RIVAL TRANSPORTATION, LLC ("Rival" or "Plaintiff") for its complaint against defendants, hereby alleges:

**1**

**VERIFIED COMPLAINT FOR DAMAGES**

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff RIVAL is a limited liability company engaged in the business of truck transportation and is headquartered and with its principal place of business in Anaheim, California.

2. Defendant WESTERN EXPRESS, INC. ("Western") is a transportation corporation with its principal place of business, on information and belief, in Nashville, Tennessee.

3. MALCOLM JORRIN-PEREZ ("Jorrin-Perez") is, on information and belief, a natural person and a resident of the city of Lancaster, Lancaster County, state of Pennsylvania.

4. DAVID NICKENS ("Nickens") is, on information and belief, a natural person and a resident of the city of Lancaster, Lancaster County, state of Pennsylvania.

5. Despite having made a reasonable inquiry, Plaintiff is unaware of the true names or capacities of Defendants Does 1 through 10, be they individuals or entities, and therefore sues them by such fictitious names and will seek leave of the Court to insert true names and capacities as Plaintiff discovers or ascertains same.

6. Plaintiff is informed and believes and thereupon alleges that, at all times mentioned herein, Defendants, and each of them, were agents, servants, employees, alter egos, superiors, successors in interest, joint venturers and/ or co-conspirators of each of their co-Defendants and in doing the things herein mentioned, or acting within the course and scope of their authority of such agents, servants, employees, alter egos, superiors, successors in interest, joint venturers and/ or co-conspirators with the permission and consent of their co-Defendants, all actual or fictitious Defendants named herein, and any other Defendants unknown to Plaintiff, are jointly and severally liable to Plaintiff for the damages and harm sustained as a result of their wrongful conduct.

**VERIFIED COMPLAINT FOR DAMAGES**

## STATEMENT OF THE FACTS

7. On April 9, 2019, at approximately 3 p.m. a vehicle driven by Jorrin-Perez on behalf of and as an employee of Western collided with a Freightliner tractor-trailer rig driven by Rival's employee. Liability for the collision is not in factual dispute; the Rival employee and vehicle were parked at a truck stop when Jorrin-Perez caused Western's vehicle to hit Rival's Freightliner tractor-trailer, causing extensive damage.

8. On information and belief, the collision occurred on U.S. Route 11 in Middlesex Township, Cumberland County, Pennsylvania.

9. On information and belief, police found Jorrin-Perrez, Western's driver, at fault for driving Western's vehicle unsafely.

10. On information and belief, Jorrin-Perrez was driving negligently at the time of the collision.

11. On information and belief, Jorrin-Perrez, at the time of the incident described herein, was a servant or employee of Western.

12. The damages caused by the collision to Rival's Freightliner tractor-trailer which was totaled.

13. In communications with Rival regarding the collision, Nickens, a claims/risk management employee for Western, misled and defrauded Rival, refusing to provide full payment for Rival's damages. This is in spite of there being clear liability on Western and its employees.

14. Specifically, Nickens falsely informed Rival that the proper repair for the Freightliner tractor-trailer was a "…Bumper Assy # A21-28979-038 SRT 2.7 instead of parting each individual part." This was not accurate and intentionally misstated the actual damages that Rival's Freightliner tractor-trailer sustained, of which Rival had informed Nickens and Western. In spite of various forms of repair

documentation, Nickens and Western, maintained their false assessment and have refused to pay for Plaintiff's damages suffered in the collision.

15. Medical expenses sustained by the driver of the vehicle.

## FIRST CAUSE OF ACTION: NEGLIGENCE

### (Defendants Western and Jorrin-Perez, DOES 1-10)

16. Plaintiff incorporates by this reference all allegations contained in this Complaint as if set forth separately for this claim for relief.

1. A party claiming negligence must show a duty required by law requiring the defendant to conform with a standard of care; breach of the duty, i.e. a failure to conform with the standard; a causal connection between the defendant's conduct and resulting injury; and actual damages or loss.

2. As a proximate result of the negligence of these defendants' wrongful conduct, and each of them, as herein alleged, was a substantial factor in bringing about Plaintiff's harm.

1. By driving unsafely Defendant's driver breached his duty of care to Plaintiff's driver, Plaintiff and any other motorist or pedestrian in the driver's zone of danger.

2. Defendant's driver's unsafe driving resulted in the collision that caused significant damage to Plaintiff's truck and was, at minimum, a substantial factor in producing such damage.

3. Defendant Western is liable to Plaintiff under the theory of respondeat superior, because, on information and belief, Mr. Jorrin-Perrez was Western's employee at the time of the incident described herein, giving rise to vicariously liability under California *Vehicle Code* §17150 and others to be determined.

17. Western's driver, Jorrin-Perez, unsafe driving resulted in the collision that caused significant damage to Plaintiff's truck and was, at minimum, a substantial factor in producing such damage.

4

VERIFIED COMPLAINT FOR DAMAGES

18. Defendant Western is liable to Plaintiff under the theory of respondeat superior, because, on information and belief, Mr. Jorrin-Perrez was Western's employee at the time of the incident described herein, giving rise to vicariously liability under California *Vehicle Code* §17150 and others to be determined.

19. As a result of Defendants' negligence, Plaintiff suffered damages in an amount to be proven at trial, plus other damages yet to be discovered.

## SECOND CAUSE OF ACTION: NEGLIGENCE PER SE
**(Defendants Western and Jorrin-Perez, DOES 1-10)**

20. Plaintiff incorporates by this reference all allegations contained in this Complaint as if set forth separately for this claim for relief.

21. Negligence per se applies "when an individual violates an applicable statute, regulation or ordinance designed to prevent a public harm. Proof that an applicable statute exists and that the defendant violated it establishes duty and breach under ordinary negligence analysis. For a plaintiff to recover under this theory, she or he must show that the negligence is the proximate or legal cause of the injury.

22. A police report relating to the incident giving rise to the present causes of action states that Western's driver, Jorrin-Perez, committed a "violation," namely "move vehicle unsafely."

23. To the extent that through discovery it is determined that such unsafe operation of Western's vehicle constitutes a violation of the Pennsylvania Vehicle Code, Jorrin-Perez was negligent per se.

24. As stated hereinabove, the negligent acts of Western's driver, Jorrin-Perez, who was an employee of Defendant, such that the principle of respondeat superior applies, and proximately caused all of Plaintiff's damages claimed herein.

25. As a result of Defendants' negligence, Plaintiff suffered damages in an amount to be proven at trial, compensatory damages, to be proven at trial, in addition to other damages yet to be discovered.

# THIRD CAUSE OF ACTION: INTENTIONAL MISREPRESENTATION
## (Defendants Western and Nickens, DOES 1-10)

26. Plaintiff incorporates by this reference all allegations contained in this Complaint as if set forth separately for this claim for relief.

27. Intentional misrepresentation occurs when (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury that was proximately caused by the reliance.

28. Nickens represented to Rival that the proper repair for the Freightliner tractor-trailer was a "…Bumper Assy # A21-28979-038 SRT 2.7 instead of parting each individual part." This was material to Rival obtaining full payment for the damages it suffered from Western and Jorrin-Perez's negligence and negligence per se. Nickens made these statements falsely, with knowledge of its falsity, or with recklessness as to whether it was true or false. Nickens intended to mislead Rival to avoid paying the full damages Western owed to Rival for the collision Jorrin-Perez negligently caused. Rival justifiably relied upon the misrepresentation, obtaining legal counsel and expending legal fees to obtain full payment for its damages.

29. As stated hereinabove, the fraudulent acts of Western's claims/risk management employee, Nickens, is such that the principle of respondeat superior applies, and proximately caused all of Plaintiff's damages claimed herein.

30. As a result of Defendants' intentional misrepresentation, Plaintiff suffered damages in an amount to be proven at trial, compensatory damages, to be proven at trial, in addition to other damages yet to be discovered.

31. Additionally, Plaintiff is seeking punitive damages for Defendants' conduct. Western and its employee, Nickens, acted maliciously and fraudulently by

**6**

**VERIFIED COMPLAINT FOR DAMAGES**

providing false statements regarding the repair and damages Plaintiff suffered. Western and Nickens' conduct was outrageous, intentional and wanton, such that it justifies this Court awarding punitive damages in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION**

**(Defendants Western and Nickens, DOES 1-10)**

32. Plaintiff incorporates by this reference all allegations contained in this Complaint as if set forth separately for this claim for relief.

33. Negligent misrepresentation requires proof of: (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known of its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation.

34. Nickens represented to Rival that the proper repair for the Freightliner tractor-trailer was a "…Bumper Assy # A21-28979-038 SRT 2.7 instead of parting each individual part." This was a material fact relevant to Rival obtaining full payment for the damages it suffered from Western and Jorrin-Perez's negligence and negligence per se. Nickens made these statements under circumstances in which the misrepresnter ought to have known of its falsity. Nickens intended Rival to act on this statement, and Rival did in fact act upon it. Rival justifiably relied upon the misrepresentation, obtaining legal counsel and expending legal fees to obtain full payment for its damages.

35. As stated hereinabove, the fraudulent acts of Western's claims/risk management employee, Nickens, is such that the principle of respondeat superior applies, and proximately caused all of Plaintiff's damages claimed herein.

36. As a result of Defendants' negligent misrepresentation, Plaintiff suffered damages in an amount to be proven at trial, compensatory damages, to be proven at trial, in addition to other damages yet to be discovered.

**7**
**VERIFIED COMPLAINT FOR DAMAGES**

37. Additionally, Plaintiff is seeking punitive damages for Defendants' conduct. Western and its employee, Nickens, acted maliciously and fraudulently by providing false statements regarding the repair and damages Plaintiff suffered. Western and Nickens' conduct was outrageous, intentional and wanton, such that it justifies this Court awarding punitive damages in an amount to be proven at trial.

## **DEMAND FOR JURY**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For general damages, according to proof;

B. For all medical and incidental expenses, according to proof

C. An award of pre-judgment and post-judgment interest at the maximum rate allowable by law;

A. For punitive and exemplary damages to be proven at trial;

B. Attorney fees to the maximum extent permitted under law, along with costs and expenses of suit; and

D. Such other and further relief as the Court deems just and proper.

DATED: April 9, 2021

**LOGOS PROFESSIONAL LAW CORPORATION**

_____
**Sung-Woo Choi, Esq.**
Attorneys for Plaintiff,
Rival Transport, LLC

## VERIFICATION

I am the Plaintiff in the above-entitled action. I know the contents of the Verified Complaint of my own personal knowledge and I also believe them to be true and correct. I declare, under the penalty of perjury under the laws of the State of California, that all of the foregoing factual statements are true and correct to the best of my knowledge. Executed this __9th_ day of April, 2021, at Los Angeles, California.

*Ahmed Elqaza*
Ahmed Elqaza
on behalf of Rival Transport, LLC.